**In re SIR JULIAN, INC., Debtor.**

**Bankruptcy No. 88–01604–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 31, 1989.

Martin L. Sandler, Miami, Fla., for debtors.

Louis St. Laurent, III, Coconut Grove, Fla., for objecting creditor Charlotte Levy.

ORDER DENYING CONFIRMATION
AND CONVERTING CASE TO
CHAPTER 7

THOMAS C. BRITTON, Chief Judge.

■ A confirmation hearing was held November 21, 1988 on this debtor's chapter 11 plan. The report of the U.S. Trustee following his audit and review of the case was filed December 23. However, that of-

fice could not make any recommendation for various reasons, summarized in the Statement of United States Trustee Regarding Confirmation (CP 66b). I conclude that confirmation must be denied under 11 U.S.C. § 1129(a)(2), which requires that the plan proponent comply with all applicable provisions of Title 11.

This debtor's principal asset, real property, was sold by the debtor (the plan proponent) without complying with the requirements of § 363(b)(1) or (f), and without complying with the requirements of B.R. 6004(a), (c) or (f), and B.R. X–1008(a)(1). Specifically, the debtor sold this property without notice to its first, second, third or fourth mortgagees. Nor did the debtor give notice to the U.S. Trustee. Under these circumstances, no useful purpose would be served by considering the other questions identified by the U.S. Trustee's report.

Confirmation is denied.

Because this is a liquidation plan, where the primary asset has been sold, it would be inappropriate to permit the filing of an amended plan. I cannot repose confidence in this debtor and its counsel after their glaring omission identified above. The case is converted to chapter 7 and the U.S. Trustee is directed to appoint a panel trustee for two purposes: (1) to review everything the debtor has done in this case to determine whether the estate has any claim against the debtor's principal, debtor's counsel, or any other person; and (2) to recommend the appropriate distribution of the sale proceeds in the hands of the debtor's counsel.

The pending fee applications (CP 47, 50) are denied without prejudice to their renewal when this case is ready for final distribution under chapter 7.

It is further ordered that, pursuant to B.R. 1019(6), the debtor's principal must file a final report and account with the clerk's office within 30 days of the entry of this order and serve a copy on the trustee. The report must detail and summarize all monies received and disbursed during the pendency of the chapter 11, and include a separate schedule listing all known poten-

tial administrative claimants and their addresses. Failure to comply with this order may be a contempt of this court.

DONE and ORDERED.